IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

J.B., on behalf of her minor child, K.E.,

　　　　Plaintiff,

vs.

COACH DANNY CHARLEY, in his
individual capacity,

　　　　Defendant.

Civ. No. 21-632 MV/SCY
(consolidated with Civ. No.
21-1032 MV/SCY)

**ORDER QUASHING ORDER TO SHOW CAUSE,
GRANTING IN PART PETITION TO PROCEED ANONYMOUSLY,
<u>AND TAKING UNDER ADVISEMENT MOTION TO APPOINT NEXT FRIEND</u>**

　　　　The two consolidated cases in this matter are brought by the same plaintiff regarding the same events against two different defendants. Doc. 27 at 2 (No. 21-632). Case No. 21-632, the lead case, is brought against Coach Danny Charley in his individual capacity. Case No. 21-1032 is brought against the Board of Education of the Rio Rancho Public Schools. This Order addresses two motions filed in the latter case (No. 21-1032[1]): Plaintiff J.B.'s Motion for Appointment of J.B. as Next Friend and to Amend the Case Caption, Doc. 7, and Unopposed Motion for Leave to Proceed by Pseudonym and Memorandum of Law in Support, Doc. 8, filed November 9, 2021. Both motions are unopposed.

　　　　**I.　　Motion for Appointment of J.B. as Next Friend**

　　　　In this motion, Plaintiff J.B. petitions this Court for appointment of J.B., K.E.'s mother, as "next friend" pursuant to Rule 17 of the Federal Rules of Civil Procedure, "for the limited purpose of assisting Plaintiff in litigation and legal matters." Doc. 7 at 1. This motion is necessary because J.B. is not the real party in interest and is not automatically entitled to bring

---

[1] Unless otherwise specified, references to the CM ECF docket number are to case No. 21-1032.

this action on behalf of her child under Rule 17, as her child has attained the age of majority. *See Phillips v. Anderson Cty. Bd. of Educ*., 259 F. App'x 842, 843 n.1 (6th Cir. 2008) ("The plaintiff concedes on appeal that the district court correctly dismissed her father, Audie Phillips, as a party because she has attained the age of majority, because parental loss of consortium is not cognizable under Section 1983 and because, as a parent, he lacks standing to assert a Title IX claim."); *accord Doe v. USD No. 237 Smith Ctr. Sch. Dist*., No. 16-CV-2801, 2017 WL 3839416, at *10 (D. Kan. Sept. 1, 2017); *Covey v. Lexington Pub. Sch.*, No. 09-1151, 2010 WL 5092781, at *2 (W.D. Okla. Dec. 7, 2010).

The Federal Rules state that "[a]n action must be prosecuted in the name of the real party in interest," Fed. R. Civ. P. 17(a)(1), and the Constitution requires that all plaintiffs have standing to bring an action. A parent or guardian may sue in their own names without joining a minor child for whose benefit the action is brought. *Id.* R. 17(c)(1). "A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." *Id.* R. 17(c)(2).

"The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990). Although Rule 17(c) speaks only of a "minor or an incompetent person," some courts have extended this doctrine to persons who are "inaccessible." *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990) ("a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action.").[2] Plaintiff cites *Gray v. Acadia Healthcare Co.* in support

---

[2] *Whitmore* interpreted the next-friend doctrine in the context of the habeas corpus statute. *See* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*." (emphasis

of her request for appointment of "next friend" status. In *Gray*, the plaintiff commenced the action as "next friend" on behalf of a woman who was sexually assaulted as a minor but had since reached the age of majority. No. 19cv338, 2020 WL 5996418 (E.D. Okla. Oct. 9, 2020). The court found that the party being represented by the "next friend" was not a minor or incompetent, but the state court "concluded Plaintiff provided an adequate explanation why the real party in interest . . . cannot appear on her own behalf to prosecute the action when it entered the Order Appointing Next Friend." *Id.* at *3.

Unlike *Gray*, in this case there is no state court decision appointing a next friend. Thus, this Court must, in the first instance, determine whether a next-friend appointment is appropriate. The Court finds Plaintiff has insufficiently justified her next-friend request. First, K.E. is not a minor and so the request cannot be justified because of K.E.'s age. Second, Plaintiff provides no evidence, no authority, and scant argument for a finding of incompetence. Doc. 7 at 2-3 ("[D]ue to . . . psychological vulnerability from her abuse . . . [K.E.] has a diminished ability to fully prosecute this action."). "[C]ourts interpret the term 'incompetent person' in Rule 17(c) to refer to a person without the capacity to litigate under the law of his state of domicile and, hence, under Rule 17(b)." *Graham v. Teller Cty., Colo.*, 632 F. App'x 461, 465 (10th Cir. 2015) (some internal quotation marks omitted). Plaintiff makes no arguments under New Mexico law and cites no New Mexico authority that would justify a finding under the facts presented that K.E. is incompetent.[3] Further, if K.E. is incompetent, Plaintiff should present those facts so the Court

---

added)). Because the text of § 2242 is different than the text of Rule 17(c), this Court is doubtful that the analysis should be identical. However, many courts have followed *Whitmore* when interpreting Rule 17(c), and the result here is the same either way.

[3] Plaintiff has vigorously opposed a similar request made by Defendant Charley in Case No. 21-632 because "there is no factual foundation for his assertion that [Defendant Charley] needs a

can assess whether to appoint a guardian ad litem for K.E., if K.E.'s mother, J.B., has not already

been appointed as a guardian for her adult daughter. *See Ferrelli v. River Manor Health Care*

*Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003).

Nor has Plaintiff shown K.E. is "inaccessible." She argues that K.E. "has also just

completed basic training with the United States Marine Corp and would like to proceed with a

'next friend' in the event she is temporarily indisposed due to her military service." Doc. 7 at 2.

"Inaccessibility" is not a hypothetical question based on potential future events. It means a

complete inability to access the courts. *E.g.*, *Coal. of Clergy, Laws., & Professors v. Bush*, 310

F.3d 1153, 1161 (9th Cir. 2002) ("[T]he detainees are being held in a secure facility in an

isolated area of the world, on a United States Naval Base in a foreign country, to which United

States citizens are severely restricted from traveling. The detainees are not able to meet with

lawyers, and have been denied access to file petitions in United States courts on their own

behalf."); *Warren v. Cardwell,* 621 F.2d 319, 321 n.1 (9th Cir. 1980) (finding inaccessibility

when the prisoner "could not sign and verify the petition because the prison was 'locked

down.'"); *Padilla v. Rumsfeld,* 352 F.3d 695 (2d Cir. 2003) (finding inaccessibility when

petitioner was unable to file a petition on his own behalf because he was being held

"incommunicado" as an enemy combatant), *rev'd on other grounds,* 542 U.S. 426 (2004).

Potential disruptions due to voluntary military service are a far cry from being held prisoner on a

military base. Thus, Plaintiff has not shown that K.E. meets the standard to have a "next friend"

appointed for her.

The Court understands that Plaintiff may not have fully developed her motion because it

---

guardian ad litem" and "[t]here is no evidence before this court that Defendant Charley meets the
statutory definition of an 'incapacitated person'" under state law. Doc. 24 at 4 (No. 21-632).

was unopposed. As a result, the Court provides Plaintiff with 14 days from the date of this Order

to file a supplemental brief. If Plaintiff chooses not to file such a supplemental brief, Plaintiff

must file within this same 14-day period a motion to substitute K.E. as Plaintiff. Failure to file

either a supplemental brief or a motion to substitute within this time frame could result in

dismissal for lack of standing on the part of the named plaintiff. This Order applies to both Case

Nos. 21cv632 and 21cv1032.

## II.       Motion for Leave to Proceed by Pseudonym

The Court previously filed a Notice and Order to Show Cause, requiring Plaintiff to

disclose whether K.E. is a minor, and if not a minor, the legal basis for the case being brought by

and through her mother, J.B. Doc. 4. In response, Plaintiff filed the motion for leave to proceed

by pseudonym. Doc. 8. The Court finds that this motion addresses the Court's questions, and as

such, quashes the order to show cause.

In the motion to proceed by pseudonym, J.B. requests that she and K.E. be permitted to

continue with the use of initials as identifiers. Doc. 8 at 7. Plaintiff argues that K.E. should be

allowed to proceed anonymously because although K.E. reached her 18th birthday on June 10,

2021, as an alleged childhood victim of sexual abuse, she has a privacy interest that outweighs

the public's interest in open judicial proceedings. Doc. 8 at 1. Plaintiff also explains that K.E.

and J.B. fear violence from the former coach who allegedly sexually assaulted K.E. because he

"threatened K.E. and her family with death if she ever disclosed his sexual assaults of her." *Id*.

Plaintiff further contends that media coverage could compromise her military service. *Id*. at 2.

Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure.

Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a)

prescribes that "[a]n action must be prosecuted in the name of the real party in interest."

Nonetheless, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Adopting the standard of the Eleventh Circuit, the Tenth Circuit ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *Zavaras*, 139 F.3d at 802. In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

In this case, the Court finds that K.E. has met her burden of showing that the need for anonymity outweighs the public interest in favor of openness. The Court finds that K.E.'s allegations of sexual abuse as a minor are of a "highly sensitive and personal nature." *Femedeer*, 227 F.3d at 1246. Judges in this Court have allowed cases involving claims of sexual abuse against minors to proceed anonymously, even where plaintiffs were no longer minors at the time of litigation. *See Doe v. Sisters of Saint Francis of Colo. Springs*, No. 20cv907 WJ-LF, Doc. 62 at 6 (D.N.M. Feb. 19, 2021) (allowing plaintiffs, now in their fifties and sixties, to proceed anonymously in case alleging childhood sexual abuse due to privacy interests and "highly sensitive" disclosures); *S.M. v. Bloomfield Sch. Dist.*, No. 16cv823 SCY-WPL, Doc. 43 at 8-9 (D.N.M. Dec. 1, 2016) (allowing plaintiff to proceed anonymously in case alleging abuse by her

high school teacher, in part because allegations of sexual assault "touch upon highly sensitive matters" and because plaintiff was a minor at the time of incident). Similarly here, the Court finds that Plaintiff's allegations of sexual abuse as a minor and the "highly sensitive" nature of these allegations support a finding that Plaintiff's need for anonymity outweighs the public interest in favor of openness. Further, the Court accepts the Complaint's representation that "[p]ublication of the parents' names would be the equivalent of identifying the child." Doc. 1-1 at 1 n.1 (No. 21cv632). Therefore, J.B. also should be permitted to proceed anonymously.

In addition, the Court notes that defendant school board does not oppose proceeding anonymously. The Court sees no prejudice to defendant: defendant school board knows the identity of K.E. and J.B. is not hampered in its efforts to investigate and defend against the allegations. *See Doe No. 2 v. Kolko,* 242 F.R.D. 193, 198 (E.D.N.Y. 2006) (finding no prejudice to the defendants where the defendants were provided the plaintiff's full name). The Court notes that hearings and filings (albeit sometimes slightly redacted) connected to this case will be open to the public, and the Court is unaware of any significant interest the public might have in J.B. or K.E's identity in connection with this case.

Plaintiff also asks the Court to allow the use of initials as identifiers for "any other minor witnesses and alleged survivors of sexual abuse identified during this litigation." Doc. 8 at 7. To the extent a filing with the court contains the name of an individual known to be a minor, Federal Rule of Civil Procedure 5.2 allows the use of the minor's initials. Thus, to the extent a minor is identified as a witness or a victim, Plaintiff does not need a Court to obtain the relief requested. To the extent a future-identified "alleged survivor[] of sexual abuse" is a an adult, the Court will consider whether the need for anonymity outweighs the public's interest in favor of openness if, and when, that situation arises. If such a situation arises, the party seeking to proceed

anonymously should file a motion with the Court.

For the reasons stated above, the Court grants K.E. and J.B. permission to proceed anonymously in this case. "If a court grants permission [to proceed anonymously], it is often with the requirement that the real names of the plaintiff[] be disclosed to the defense and the court but kept under seal thereafter." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001). The Court therefore orders Plaintiff to file, no later than December 24, 2021, an unredacted complaint in Case No. 21cv1032 under seal that places on the record J.B. and K.E.'s real name as the party in interest. In all other filings, K.E. and J.B. may proceed using only initials.

## CONCLUSION

Plaintiff's Motion for Appointment of J.B. as Next Friend and to Amend the Case Caption, Doc. 7 in Case No. 21-1032, is TAKEN UNDER ADVISEMENT. Within 14 days of the date of this Order, in Case Nos. 21cv632 and 21cv1032, Plaintiff shall either file a supplement to her motion or file a motion to substitute K.E. as Plaintiff.

The Notice and Order to Show Cause in Case No. 21-1032, Doc. 4, is QUASHED. Plaintiff's Unopposed Motion for Leave to Proceed by Pseudonym and Memorandum of Law in Support, Doc. 8 in Case No. 21-1032, is GRANTED. Plaintiff shall file, no later than December 24, 2021, an unredacted complaint in Case No. 21cv1032 under seal that places on the record K.E.'s real name as the party in interest.

SO ORDERED.

_____
Steven C. Yarbrough
United States Magistrate Judge